UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
HILTON MARRERO,

                Petitioner,

                                                            11-cr-568 (PKC)
                                                            17-cv-1300(PKC)

        -against-                                      OPINION AND ORDER

UNITED STATES OF AMERICA,

                Respondent.
------------------------------------------------------------x

CASTEL, U.S.D.J.

        Petitioner Hilton Marrero, who is proceeding pro se, moves to vacate, set aside or correct his sentence. 28 U.S.C. § 2255. On December 18, 2012, Marrero was sentenced on a single count of conspiracy to distribute heroin principally to a term of imprisonment 180 months imprisonment. Marrero now asserts that the career offender guideline, United States Sentencing Guideline ("U.S.S.G.") § 4B1.1, was improperly applied in his case because his prior drug convictions do not qualify as controlled substance offenses under Mathis v. United States, 136 S. Ct. 2243 (2016).

        For reasons that will be explained, the motion will be denied.

BACKGROUND

        Marrero entered a guilty plea to a single count of a superseding indictment charging him with conspiring to distribute one kilogram and more of mixtures and substances containing a detectable amount of heroin, in violation of 21 U.S.C. §§ 812, 841, 841(b)(1)(A). The plea agreement between the government and Marrero set forth a stipulated guideline range of 262 to 327 months' imprisonment premised in part on the application of U.S.S.G. § 4B1.1, the

career offender guideline. The Court conducted a plea allocution on whether his entry into the plea agreement and his guilty plea were knowing and voluntary and found that they were. (Plea Allocution Tr., 2-19.) At the conclusion of the proceeding, the Court found that Marrero understood his rights, there was a factual basis for his plea and he understood the consequences of his plea. (Plea Allocution Tr., 19:14-22.)

The Presentence Report ("PSR") prepared by the Office of Probation calculated the guidelines range based upon the inclusion of the career offender enhancement. (PSR ¶¶ 51-62.) Marrero's criminal history included New York State convictions for criminal possession of a weapon in the second and third degree, criminal sale of a controlled substance in the fifth degree and attempted criminal possession of a controlled substance in the third degree. The PSR included the career offender enhancement because Marrero had two prior felony convictions involving controlled substances. U.S.S.G. § 4B1.1. At sentencing, the Court inquired whether the defendant or the government had any objections to the guideline calculation in the PSR and was informed that they did not. The Court adopted the guideline calculation, which placed Marrero in Total Offense Level 34, Criminal History Category VI, resulting in a guideline range of 262 to 327 months' imprisonment.

Before pronouncing sentence, the Court gave a statement of its reasons for a proposed sentence of principally 180 months imprisonment, a sentence that was 82 months below the lowest end of the advisory guideline. (Sentencing Tr. 10-14.) At the conclusion of the Court's statement of reasons, the Court inquired whether the defendant or his counsel had any objections to the proposed sentence or to the statement of reasons for the sentence and they did not. (Sentencing Tr. 14:4-9.) The Court then pronounced sentence and informed of Marrero of his right to appeal. No appeal was filed.

Because Marrero did not file a direct appeal, the time for Marrero to file a § 2255 petition expired on January 2, 2013 (*i.e.*, one year after the 14 days within which the defendant could have filed a notice of appeal expired, taking into account intervening holidays.

Marrero's motion to vacate focuses upon the application of <u>Mathis v. United States</u> to his case. <u>Mathis</u> held that a prior conviction does not qualify as the generic form of a predicate violent felony offense listed in the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"), if an element of the crime of conviction is broader than an element of the generic offense because the crime of conviction enumerates various alternative factual means of satisfying a single element. 136 S. Ct. at 2248. <u>Mathis</u> was an interpretation of the ACCA rather than the sentencing guidelines but Marrero argues that the logic of the decision should apply to the advisory guidelines.

I. MARRERO WAIVED HIS RIGHT TO COLLATERAL ATTACK HIS SENTENCE

Marrero knowingly and voluntarily waived his right to collaterally attack his sentence. In his plea agreement, Marrero agreed that he "will not file a direct appeal; nor bring a collateral challenge, including but not limited to an application under Title 28, United States Code, Section 2255 . . . of any sentence within or below the Stipulated Guidelines Range of 262 to 327 months' imprisonment." (Plea Agreement, May 18, 2012 at 7.)

It is well settled in this Circuit that where, as here, a defendant knowingly and voluntarily waives his right to appeal any sentence within a stipulated guidelines range, he may not then appeal such a sentence, except in limited circumstances. See <u>United States v. Gomez-Perez</u>, 215 F.3d 315, 318 (2d Cir. 2000) ("This Court has repeatedly upheld the validity of . . . waivers, with the obvious caveat that such waivers must be knowingly, voluntarily, and competently provided by the defendant."); see <u>United States v. Lee</u>, 523 F.3d 104, 106 (2d Cir.

2008) ("'It is . . . well settled that a defendant's knowing and voluntary waiver of his right to appeal a sentence within an agreed upon guideline range is enforceable.'" (quoting United States v. Djelevic, 161 F.3d 104, 106 (2d Cir. 1998)). Further, even a sentence that is "conceivably imposed in an illegal fashion or in violation of the guidelines, but . . . still within the range contemplated in the plea agreement" is permissible. Id. at 319 (citing United States v. Yemitan, 70 F.3d 746, 748 (2d Cir. 1995)).

Marrero asserts that his waiver was neither knowing nor voluntary because it was impossible for him to foresee the intervening change in the law, and thus impossible to waive the right to appeal or collaterally attack a sentence that has not yet been imposed. He argues that the decision in Mathis could not have been anticipated and thus his purported waiver was not made knowingly.

But at his plea allocution, Marrero acknowledged that he had read his plea agreement, discussed it with his attorney, and understood it before signing. (Plea Allocution Tr., 11-13.) Further, Marrero stated that he fully understood the stipulated guidelines range to be 262 to 327 months. (Id., 13:3-7.) Additionally, Marrero expressed an understanding of his waiver of his right to appeal or collaterally attack a sentence within or below the stipulated guidelines range. (Id., 14:8-20.) At the conclusion of the plea allocution, the Court explicitly found that the plea agreement, specifically the waiver of the right to appeal or collaterally attack, was "knowingly and voluntarily entered into." (Id., 19:19-22.)

Therefore, Marrero's assertion that his guilty plea, and his plea agreement, including its waiver of collateral attack, were not made knowingly and voluntarily is without merit. His collateral attack waiver is enforceable and bars the present motion.

4

## II. MARRERO'S CLAIM IS BARRED BY THE STATUTE OF LIMITATIONS

Even if Marrero had not waived his right to collaterally attack his sentence, his claim would be barred by the statute of limitations. Marrero filed his § 2255 motion on February 17, 2017 -- more than four years after sentencing. The government argues that, under 28 U.S.C. § 2255(f)(1), Marrero's motion is barred by the one-year statute of limitations and therefore untimely. However, Marrero contends that his motion is timely because it was brought within one year of the Supreme Court's decision in Mathis, which would be the "date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." (Gov. Opp. Mem., Doc. 507.)

Marrero's argument is foreclosed by existing Circuit precedent. In the context of a challenge to the career offender enhancement under § 4B1.1, the Second Circuit has concluded that Mathis did not articulate a new constitutional right retroactively applicable for cases on collateral review. Washington v. United States, 868 F.3d 64, 66 (2d Cir. 2017).

Because Mathis does not announce a new constitutional right retroactively applicable in collateral attack cases, it cannot serve as the basis for restarting the statute of limitations under 28 U.S.C. § 2255 in this case. Based on the foregoing, Marrero's motion is not timely.

CONCLUSION

Marrero's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 is DENIED. The Clerk is directed to close 17 cv 1300 (PKC) and terminate the motion to vacate (Doc 498) in 11 cr 568 (PKC).

Marrero has not made a substantial showing of the denial of a constitutional right and, accordingly, a certificate of appealability will not issue. 28 U.S.C. § 2253; see Blackman v. Ercole, 661 F.3d 161, 163-64 (2d Cir. 2011). This Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied. See Coppage v. United States, 369 U.S. 438 (1962).

SO ORDERED.

                                                *P. Kevin Castel*
                                            P. Kevin Castel
                                       United States District Judge

Dated: New York, New York
       August 27, 2018