UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
UNITED STATES OF AMERICA,

                                        11-cr-568 (PKC)

            -against-

                                           ORDER

HILTON MARRERO,

                  Defendant.
---------------------------------------------------------x

CASTEL, U.S.D.J.:

        Defendant Hilton Marrero, represented by able and dedicated counsel, again

moves for a sentence reduction pursuant to the First Step Act of 2018, 18 U.S.C.

§ 3582(c)(1)(A), asserting "extraordinary and compelling reasons" for a sentence reduction.

Marrero's original sentence was principally 180 months imprisonment.  He has served 129

months and his projected release date is April 19, 2024.  His lawyer reports that he will be

eligible to serve the last 12 months in a halfway house.

        On December 3, 2020 this Court concluded in a 10-page Order that "[t]aking into

account all arguments presented by Marrero in favor of a sentence reduction and considering

them both in isolation and in combination, and considering all of the section 3553(a) factors, the

Court concludes that Hilton Marrero has not demonstrated extraordinary and compelling reasons

for a reduction in his sentence . . . ."  (Doc 568 at 10.)  Marrero appealed that Order but later

withdrew the appeal.  (Docs 570, 581.)  There seems little point to restating the nature and

circumstances of the crime and the other section 3553(a) factors that counselled against granting

the motion.  The Court incorporates by reference its legal and factual analysis from the

December 3 Order.  The Court will focus here on what appears to be new.

Marrero argues that the Court's grant of a sentence reduction to a co-defendant

warrants a sentence reduction for him.  The Court addressed the differences between Marrero

and his co-defendant Hector Lopez in its Opinion and Order granting a sentence reduction to

Lopez whose Guidelines calculation on the day of sentencing was concededly erroneous:

> At first blush, the Court's ruling on Lopez's motion appears to be at odds with its recent decision on a motion of Lopez's co-defendant Hilton Marrero . . . .  The Court denied Marrero's motions under both sections 3582(c)(2) and 3582(c)(1)(A)(i).  Marrero similarly faced a Guidelines range of 262 to 327 months and received a 180-month term of imprisonment.  But the circumstances of Lopez and his co-defendant are fundamentally different.  Marrero's Guidelines calculation on the day of sentencing was correct under then controlling precedent . . . .  Subsequent to Marrero's sentencing, the Second Circuit decided United States v. Townsend, 897 F.3d 66 (2d Cir. 2018), in which it held that a state conviction premised upon a statute that permitted conviction for sale of substances that were not "controlled substances" under federal law did not qualify as a predicate offense . . . .  Under general principles of retroactivity, the rule in Townsend does not apply to Marrero . . . .  Marrero was sentenced under a Guidelines range consistent with district court precedent on the date of sentencing.  No plain and unmistakable error was made by defense counsel, the government, the Office of Probation or the Court.  Well-established principles precluded the change in statutory interpretation announced in Townsend from being applied retroactively.  These rules of retroactivity when properly applied are consistent with due process of law.  But it is not a rule of retroactivity that precludes the error in Lopez's Guideline range from being reached, it is human failure by those responsible for ensuring that the correct Guidelines range was adopted.

United States v. Hector Lopez, No. 11 Cr. 568 (PKC) (Order of February 26, 2021 at 9–

10.)  The Court also noted that Marrero had a prison disciplinary record whereas Lopez

did not. (Id. at 14.)[1]

---

[1] On July 1, 2020, prior to his last application, he was disciplined for possessing a hazardous tool.  (Doc 582-8.)
While he had other disciplinary infractions prior to that, he has had none since.

The Court notes that since his last sentence reduction application, Marrero has received certificates of completion for several programs, including Self Care, Substance Abuse Avoidance, and HIV/AIDs Awareness.

Marrero suffers from Type 2 diabetes, as he did at the time of sentencing.  (PSR ¶ 102.)  He underwent surgery on May 17, 2021 on his fifth left finger for osteomyelitis which may be attributable to his diabetes.  (Doc 582-3 at 2.)  The orthopedist who examined him on April 21, 2021 in connection with his swelling and pain in his finger noted that he did not have "much pain" in the finger unless he applies pressure to it and that, upon physical examination, "[h]e is a healthy gentleman . . . ."  (Id. at 3.)  At his June 21, 2021 examination he was described as appearing "to be doing fairly well clinically . . . ."  (Id. at 2.)  His AC1 levels, an indication of severity of diabetes, have risen since his last application to the Court.  In March 2021 it was at 8.9 ml/dl, and 7.7 ml/dl in August 2021.  But in November 2021 and December 2021 the levels had risen to 14.2 ml/dl and 13.4 ml/dl, respectively.  According to Marrero's submission, readings above 7 should not be ignored and should be addressed medically.  The BOP facilities where he has resided, FCI Atlanta and FCI Williamsburg, have been reasonable attentive to his diabetic condition.  He takes metformin on a daily basis which he asserts only reduces A1C levels by 1-2%. Other literature suggests a potentially more significant impact on patients.  *See Journal of Research in Medical Sciences*, July 2014 ("Metformin has been shown to reduce diabetes mortality and complications by thirty percent compared to insulin, glibenclamide and chlorpropamide.");[2] *Diabetes Education Online*, Diabetes Teaching Center at the University of California, San Francisco ("Metformin . . . is the first choice of medication to treat type 2

---

[2] https://www.ncbi.nlm.nih.gov/pmc/articles/PMC4214027/ (last accessed March 3, 2022.)

diabetes.")[3]  The Court appreciates that incarceration reduces the availability of other perhaps superior treatments for his condition and that liberty would better able Marrero to control his diet and exercise and monitor his blood levels on a more frequent basis.

As noted in his prior application, his Type 2 diabetes places him at greater risk of serious consequences were he to contract COVID-19.   Fortunately, he has received two doses of the Pfizer vaccine and a Moderna booster.  This should lessen the risk of death or serious illness were he to contract the virus.

The Court is delighted to know that Marrero has productive plans for his life after his release.  The Court is also mindful that Marrero's original sentence was 82 months below the low end of the applicable Guidelines, a circumstance that was atypical and took account of the potential harshness of a routine application of the Guidelines.  The circumstances he now presents for a sentence reduction are neither extraordinary nor compelling.  Granting an application in the absence of such circumstances promotes unwarranted sentence disparities.

Taking into account all arguments presented by Marrero in favor of a sentence reduction originally and in his renewed application and considering them both in isolation and in combination, and considering all of the section 3553(a) factors, the Court concludes that Hilton Marrero has not demonstrated extraordinary and compelling reasons for a reduction in his sentence and his motion is therefore DENIED.  The Clerk is directed to terminate the motion (Docs 582).

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
        March 4, 2022

---

[3] https://dtc.ucsf.edu/types-of-diabetes/type2/treatment-of-type-2-diabetes/medications-and-therapies/type-2-non-insulin-therapies/metformin/  (last accessed March 3, 2022.)